FILED
CLERK

4/14/2015 4:05 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
NAQUNNE JACKSON, #130036997,

                Plaintiff,

        -against-

CHRISTOPHER DEVANE, ESQ.,

                Defendant.
------------------------------------------------------X

MEMORANDUM & ORDER
15-CV-1494(SJF)(AKT)

FEUERSTEIN, District Judge:

        On March 9, 2015, incarcerated *pro se* plaintiff Naqunne Jackson ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against Christopher Devane, Esq. ("Devane" or "defendant") [Docket Entry No. 1 ("Complaint" or "Compl.")] with an application to proceed *in forma pauperis*. [Docket Entry No. 2].

        A review of the declaration in support of the application to proceed *in forma pauperis* establishes that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. *See* 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted. However, for the reasons that follow, the Complaint is *sua sponte* dismissed.

I.     Background[1]

        Plaintiff's Complaint, submitted on the Court's Section 1983 complaint form, alleges that, on September 25, 2013, Devane was "chosen by a Nassau County Judge to represent plaintiff on a criminal matter." Compl., at 6. According to the Complaint, Devane "not only

---

[1]     All material allegations in the complaint are assumed to be true for the purposes of this Order. *See, e.g.*, *Rogers v. City of Troy, New York*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

provided ineffective assistance, but made the proximate causes of this action in purposefull [sic] deception willful deceit, forging signatures, providing the court with unknown and unauthorized unilateral 'pleas' plus other various [indecipherable] actions against plaintiff's liberty interests…" *Id*. at 7-8. Plaintiff claims that the state court judge denied plaintiff's application to have Devane relieved as his criminal defense attorney. *Id*. According to the Complaint, Devane deprived plaintiff of his "U.S. Const. Amendment Protections 6th and 14th while acting under color of New York State law." *Id*. at 10. For relief, plaintiff seeks to recover a monetary damages award of $40 million for "redress in compensation and punitive damages." *Id*. at 11 and ¶ V.

II.   Discussion

    A.   *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

    B.   Application of 28 U.S.C. § 1915

Under both the Prison Litigation Reform Act, 28 U.S.C. §1915A, and the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally (*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013)), and to construe them "to raise the strongest arguments that they suggest." *Gerstenbluth v. Credit Suisse Securities (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 33 (2d Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quotations and citation omitted); *see also Anderson News, LLC v. American Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012), *cert. denied by Curtis Circulation Co. v. Anderson News, LLC*, --- U.S. ----, 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013) (accord). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955); *see also Pension Benefit Guaranty Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (accord). The plausibility standard requires "more than a sheer

3

possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678; *see also In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170, 180 (2d Cir. 2013).

1. Section 1983

Tile 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, --- U.S. ----, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012). To state a Section 1983 claim, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *see also Rehberg v. Paulk*, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 l. Ed. 2d 593 (2012).

Although Section 1983 liability may be imposed only upon wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it" (*Nat'l Collegiate Athletic Ass'n. v. Tarkanian*, 488 U.S. 179, 191, 109 S. Ct. 454, 102 L. Ed. 2d 469 (1988) (quotations and citation omitted); *see also Hafer v. Melo*, 502 U.S. 21, 28, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) ("Congress enacted §1983 to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or

4

misuse it.") (quotations and citations omitted)), "[a] private actor may be liable under § 1983 . . . if there is a sufficiently close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (quotations, internal quotations and citations omitted); *see also Fabrikant v. French*, 691 F.3d 193, 206-07 (2d Cir. 2012) ("Conduct that is formally 'private' may become so entwined with governmental policies or so impregnated with a governmental character that it can be regarded as governmental action. . . . [T]here must be such a close nexus between the state and the challenged action that the state is responsible for the specific conduct of which the plaintiff complains.") (quotations, alterations, emphasis and citations omitted)). "Anyone whose conduct is fairly attributable to the state can be sued as a state actor under § 1983." *Filarsky*, 132 S. Ct. at 1661 (quotations and citation omitted); *see also Fabrikant*, 691 F.3d at 207 ("The fundamental question . . . is whether the private entity's challenged actions are 'fairly attributable' to the state.") (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982)). To determine whether private conduct amounts to state action, three tests have emerged:

> For the purposes of section 1983, the actions of a nominally private entity are attributable to the state . . . (1) [when] the entity acts pursuant to the coercive power of the state or is controlled by the state ('the compulsion test'); (2) when the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity has been delegated a public function by the state ('the public function test').

*Fabrikant*, 691 F.3d at 207 (quoting *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (alteration in original)).

Plaintiff names his court-appointed criminal defense attorney Devane as the sole defendant. A claim for relief under Section 1983 must allege facts sufficient to establish that the defendant acted under color of state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983; *Rae*, 693 F. Supp. 2d at 223. Private attorneys, whether court-appointed or privately retained, are generally not liable under Section 1983. *See Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983.") (citing *Housand v. Heiman*, 594 F.2d 923, 924-25 (2d Cir. 1979)); *accord Polk Cnty. v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public defenders do not act under color of state law). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) (internal quotation marks and citations omitted). Plaintiff alleges no facts from which the Court can reasonably find that the challenged conduct "may be fairly treated as that of the State itself." *Sykes*, 723 F.3d at 406. Devane, a court-appointed attorney, is not a state actor. Accordingly, plaintiff's Section 1983 claim against Devane is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

C. Leave to Amend

A district court should not dismiss a *pro se* complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009) (citing *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Although "[t]he court should freely give leave [to

amend] when justice so requires" (Fed. R. Civ. P. 15(a)(2)), "amend[ment] should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (*per curiam*) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)); *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Accordingly, because the deficiency in plaintiff's claim is substantive and would not be cured in an amended complaint, leave to amend the Complaint is denied.

Having dismissed plaintiff's federal claim, the Court declines to assert supplemental jurisdiction over any state law legal malpractice claim that may be liberally construed from the Complaint; plaintiff may pursue such claim in state court. *See Castellano v. Bd. of Trustees*, 937 F.2d 752, 758 (2d Cir. 1991) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"); *Sylla v. City of New York*, No. 04 Civ. 5692, 2005 WL 3336460, *8 (E.D.N.Y. Dec. 8, 2005).

III. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and the Complaint is *sua sponte* dismissed in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The Clerk of the Court shall close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose

of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED.**

s/ Sandra J. Feuerstein\_\_\_\_\_
Sandra J. Feuerstein
United States District Judge

Dated:      April 14, 2015
            Central Islip, New York